IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KENNETH BETHANY, | ) | |
| | ) | Civil Action No. |
|    Plaintiff, | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MSC WEATHERLY, LLC, MSC | ) | |
| PROPERTIES, LLC, and MSC TERRA, | ) | |
| LLC | ) | |
| | ) | |
|    Defendants. | ) | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Kenneth Bethany ("Plaintiff" or "Bethany"), and files this Complaint against Defendants MSC Weatherly, LLC ("Defendant MSC Weatherly"), MSC Properties, LLC ("Defendant MSC Properties") and MSC Terra, LLC ("Defendant MSC Terra") (Defendants MSC Weatherly, MSC Properties and MSC Terra collectively referred to as "Defendants"), and shows the following:

### I.    Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA") during Plaintiff's employment with Defendants.

## II.    Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant MSC Properties is a Georgia Limited Liability Company and resides in this district.   Defendant MSC Terra is a Delaware limited liability company and does business in this district.   Defendant MSC Weatherly is a Georgia limited liability company and resides in this district. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. §1367.

### III.   Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendants as a maintenance technician. Plaintiff worked at Defendant MSC, LLC's Weatherly property from August 27, 2014 to September 28, 2017. Plaintiff worked at Defendant MSC, LLC's Terra property from October 2015 to September 28, 2017.

7.

Plaintiff was an "employee" of Defendants, as that term has been by the FLSA, 29 U.S.C. §203(e).

8.

Throughout Plaintiff's employment with Defendants, Plaintiff was paid on an hourly basis and entitled to overtime compensation for hours worked in excess of 40 in workweeks.

9.

Defendant MSC Terra and Defendant MSC Weatherly are entity names that reflect two residential properties at which Plaintiff was assigned to work, and which are both owned by Ranjodh Pannu. Based on information and belief,

Defendant MSC Properties is the parent entity under which Defendants MSC Terra and MSC Weatherly operate.

10.

Plaintiff's Employee Handbook, which he received for his employment at the MSC Terra and MSC Weatherly properties identifies MSC Properties, LCC as an employer of Plaintiff.

11.

For much of his employment, Defendants required Plaintiff to work at both the MSC Terra and MSC Weatherly properties on weekly and/or daily basis.

12.

Defendants constitute a single "employer" or integrated enterprise, within the meaning of the FLSA.

13.

Throughout his employment with Defendant, Plaintiff regularly worked more than 40 hours in given workweeks and was not paid overtime compensation for hours worked in excess of 40 in such weeks.

14.

Defendants, and each of them, are "employers" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

15.

While employed by Defendants, Plaintiff regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours he worked over 40 in workweeks.

16.

Defendants, and each of them, are private employers engaged in interstate commerce, and their collective gross revenue exceeded $500,000 in 2014, 2015, and/or 2016. Each and every Defendant's individual annual gross revenue exceeded $500,000 in 2014, 2015, and/or 2016.

17.

Defendants knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation.

18.

Defendants are governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

19.

Defendants failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

## Count I

## Violations of the Fair Labor Standards Act.

20.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

21.

Defendants have violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

22.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

23.

Defendants' violations of the FLSA were willful and in bad faith.

24.

Defendants knew or showed reckless disregard for the fact their actions, policies, and/or omissions violated the FLSA.

## IV.   Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment awarding Plaintiff unpaid wages pursuant to the
       FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated
       damages as provided by 29 U.S.C. §216, pre-judgment interest on
       unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert
       witness fees, reasonable attorneys' fees as provided by 29 U.S.C.
       §216, and all other remedies allowed under the FLSA; and

(C)    Grant declaratory judgment declaring that Plaintiff's rights have been
       violated and that Defendant misclassified Plaintiff as exempt from the
       overtime requirements of the FLSA, and that Defendant's violations
       of the FLSA were willful; and

(D)    Permit Plaintiff to amend his Complaint to add state law claims if
       necessary;

(E)    Award Plaintiff such further and additional relief as may be just and
       appropriate.


Respectfully submitted,

This 11th day of October 2017.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Kenneth Bethany

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile